UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN SAMUEL BURNS,

                Plaintiff,

v.                                   Case No. 3:20-cv-419-J-39MCR

SGT. FUGATE, et al.,

                Defendants.

_____

**ORDER**

    Plaintiff, John Samuel Burns, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1; Compl.) with an exhibit (Doc. 1-1; Pl. Ex.). Plaintiff moves to proceed in forma pauperis (IFP) (Doc. 2). He names as Defendants four corrections officers at Union Correctional Institution, Sergeant Fugate, Sergeant Sodek, Captain Korey, and Lieutenant Roberts, for alleged sexual assault and retaliation. See Compl. at 2-4; Pl. Ex. at 1. Plaintiff asserts violations of the First, Eighth, and Fourteenth Amendments; articles three and five of the Declaration of Human Rights; the Prison Rape Elimination Act (PREA); and the Gender Motivated Violence Act (GMVA). Compl. at 3. As relief, he seeks monetary damages and for Defendants to be fired or reprimanded. Id. at 5.

Upon review of the Complaint, the Court opines that Plaintiff has failed to set forth his claims sufficiently. Many of Plaintiff's purported claims are not cognizable in a civil rights action. A viable claim under § 1983 requires a plaintiff to establish two essential elements: the conduct complained of was committed by a person acting under color of state law, and this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

First, the Supreme Court has held that the GMVA is unconstitutional insofar as it extended to victims of gender motivated violence a right to civil relief against the offending individual. See United States v. Morrison, 529 U.S. 598, 627 (2000) (Congress' effort [under the GMVA] to provide a federal civil remedy can be sustained neither under the Commerce Clause nor under § 5 of the Fourteenth Amendment."). Second, the PREA does not create a private right of action for civil damages. See, e.g., Jacoby v. PREA Coordinator, No. 517CV00053MHHTMP, 2017 WL 2962858, at *7 (N.D. Ala. Apr. 4, 2017), report and recommendation adopted, No. 517CV00053MHHTMP, 2017 WL 2957825 (N.D. Ala. July 11, 2017) ("[The] PREA does not confer a private right of action on individuals."). Finally, the Eleventh Circuit has held that the rights conferred under the Declaration of Human Rights "are not federal rights." Moore v. McLaughlin, 569 F. App'x 656, 660 (11th

2

Cir. 2014). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action under § 1983.

Plaintiff also alleges violations of the First, Eighth, and Fourteenth Amendments. However, those claims are not sufficiently pled under the federal pleading standards and applicable precedent. Federal Rule of Civil Procedure 8(a) requires a pleading to include a short and plain statement of the claim showing the pleader is entitled to relief. Rule 10(b) requires all averments of the claim be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To survive dismissal, a complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." Id. Though detailed factual allegations are not required, Rule 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. As such, a plaintiff may not rely on "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements." Id.

As to the purported First Amendment claim, Plaintiff alleges Defendants retaliated against him, though he does not explain how. See Pl. Ex. at 3. To state an actionable claim for retaliation, a plaintiff must allege:

3

> (1) his speech was constitutionally protected;
> (2) the inmate suffered adverse action such
> that the [official's] allegedly retaliatory
> conduct would likely deter a person of
> ordinary firmness from engaging in such
> speech; and (3) there is a causal relationship
> between the retaliatory action . . . and the
> protected speech.

O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011) (first alteration in original). Plaintiff alleges he wrote grievances and attempted to initiate legal proceedings, both of which constitute protected speech. Plaintiff also alleges he suffered adverse action: he was placed on property restriction, threatened, and harassed. See Pl. Ex. at 2, 3. However, Plaintiff does not connect the purported acts of retaliation to the named Defendants or to his protected speech. In other words, he fails to demonstrate a causal connection between the alleged retaliatory conduct and his protected speech. Plaintiff's allegations are merely conclusory, amounting to an "unadorned, the-defendant-unlawfully-harmed-me accusation." See Iqbal, 556 U.S. at 678.

Plaintiff's allegation that Defendants Sodek and Fugate "rubb[ed] and pinch[ed] [his] buttocks" implicates the Eighth Amendment. See Pl. Ex. at 1. The Eleventh Circuit has recognized that "severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment." Sconiers v. Lockhart, 946 F.3d 1256, 1267 (11th Cir. 2020) (quoting Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006)). Plaintiff does not allege

4

Defendants severely or repetitively sexually abused him. While the alleged conduct certainly is inappropriate and crude, Plaintiff is advised it may not give rise to an Eighth Amendment violation.

Finally, as to the purported Fourteenth Amendment violation, Plaintiff fails to allege facts to support such a claim. To the extent Plaintiff premises his claim on the handling of his grievances, he should know that "a prison grievance procedure does not provide an inmate with a constitutionally protected interest." Bingham, 654 F.3d at 1177. To the extent Plaintiff's claim is premised on his placement on property restriction, his claim fails. See Woodson v. Whitehead, 673 F. App'x 931, 933 (11th Cir. 2016) ("The Due Process Clause does not create an enforceable liberty interest in freedom from restrictive confinement while a prisoner is incarcerated."). Plaintiff asserts no facts indicating he was subjected to conditions so severe that they imposed upon him a significant hardship in comparison to the ordinary incidents of prison life.

To the extent Plaintiff premises a Fourteenth Amendment violation on the alleged sexual assault, he is advised that the Eighth Amendment "serves as the primary source of substantive protection" for such conduct. See Whitley v. Albers, 475 U.S. 312, 327 (1986). When a constitutional amendment "provides an explicit textual source of constitutional protection," that amendment guides the analysis, "not the more generalized notion of

'substantive due process.'" <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1989).

To proceed, Plaintiff must file an amended complaint on the enclosed civil rights complaint form and in compliance with federal pleading standards. If Plaintiff chooses to amend his complaint, he should assess his case and assert only claims that are cognizable under § 1983, and he must allege how each Defendant is responsible for the alleged violations. Plaintiff must also adhere to the following instructions.

1. The amended complaint must be marked, "Amended Complaint."

2. The amended complaint must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation(s).

3. The amended complaint must state the full name of each defendant (to the extent Plaintiff can) in the style of the case on the first page and in section I.B.

4. The list of defendants named on the first page must match the list of named defendants in section I.B.

5. The amended complaint (or a separate filing) must include current addresses for each defendant so the Court can direct service of process.

6. In section IV, "Statement of Claim," Plaintiff must describe how <u>each</u> defendant is responsible for the alleged violation(s). Legal conclusions are insufficient. The allegations should be stated in numbered paragraphs, each limited to a single set of circumstances. Plaintiff should separately explain the facts giving rise to his individual claims for relief,

and he should clearly state how each defendant is responsible for each alleged violation.[1]

7.    In section V, "Injuries," there must be a statement concerning how **each** defendant's action or omission injured Plaintiff.

8.    In section VI, "Relief," there must be a statement of what Plaintiff seeks through this action.[2] Plaintiff is advised that courts generally will not interfere in matters of prison administration, including employment matters.

Plaintiff must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

---

[1] Plaintiff may attach additional pages if necessary, but he should continue to number the paragraphs for a clear presentation of his factual allegations supporting each claim.

[2] Plaintiff is advised that "[t]he [Prison Litigation Reform Act (PLRA)] places substantial restrictions on the judicial relief that prisoners can seek . . . ." Brooks v. Warden, 800 F.3d 1295, 1307 (11th Cir. 2015) (quoting Al-Amin v. Smith, 637 F.3d 1192, 1195 (11th Cir. 2011)).

Before signing the amended complaint, Plaintiff must ensure his assertions are truthful and he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but instead must truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

The **Clerk** shall send Plaintiff a civil rights complaint form. By **June 5, 2020,** Plaintiff must mail an amended complaint to the Court for filing, with one copy of the amended complaint (including exhibits)[3] for each named defendant. The amended complaint should comply with the instructions on the form and those provided in this order. Failure to comply may result in the dismissal of this case. The Court will address Plaintiff's motion to proceed IFP (Doc. 2) in a separate order.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of May 2020.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Jax-6
c:
John Burns

---

[3] Plaintiff may include exhibits, such as grievances or medical records. Plaintiff must individually number each exhibit in the lower right-hand corner of each exhibit. If his first exhibit has multiple pages, he should number the pages 1-A, 1-B, 1-C, etc.

8